# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

PEDRO NICHOLAS HOLGUIN,

      Petitioner,

v.                                          No. 19-cv-810 KWR-JHR

STATE OF NEW MEXICO,

      Respondent.

## <u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the Court on Petitioner Pedro Nicholas Holguin's 28 U.S.C. § 2254 Habeas Corpus Petition (Doc. 1) (Petition).   Holguin challenges his state convictions for criminal sexual penetration.   The Court previously directed Holguin to show cause why his § 2254 Petition should not be dismissed for failure to file within the one-year statute of limitations.   Having reviewed his response and applicable law, the Court will dismiss the Petition as time-barred.

## I.  Procedural Background

The background facts are taken from the Petition and the State Court criminal docket, Case No. D-307-CR-2002-00593 in New Mexico's Third Judicial District.   Holguin attached most relevant state filings to his Petition and show-cause response, and the remaining documents are subject to judicial notice.  *See Mitchell v. Dowling,* 672 Fed. App'x 792, 794 (10th Cir. 2016) (Habeas courts may take "judicial notice of the state-court docket sheet to confirm the date that each [state] motion was filed"); *United States v. Ahidley*, 486 F.3d 1184, 1192 n. 5 (10th Cir. 2007) (courts have "discretion to take judicial notice of publicly-filed records … concerning matters that bear directly upon the disposition of the case at hand").

In 2003, Holguin pled guilty to five counts of criminal sexual penetration (child under 13).

(Doc. 1 at 1, 16).   The State Court sentenced him to thirty years imprisonment.   *Id.* at 1, 25.

Judgment was entered on October 31, 2003.   *Id.* at 23.   Shortly thereafter, Holguin filed a motion

seeking reconsideration of the sentence.   *Id.* at 39, 42.   The State Court denied the motion by an

Order entered March 16, 2004.   *Id.* at 40, 54.   Holguin did not file a direct appeal.   *Id.* at 2, 40.

The criminal Judgment therefore became final no later than April 16, 2004, the first business day

after expiration of the 30-day appeal period.   *See Locke v. Saffle*, 237 F.3d 1269, 1271-1273 (10th

Cir. 2001) (Under § 2254, the conviction becomes final upon the expiration of the state appeal

period); NMRA Rule 12-201(A)(2) (notice of appeal must be filed within 30 days).

The State Court docket reflects there was no case activity for over nine years.   (Doc. 1 at

40); *see also* Docket Sheet in D-307-CR-2002-00593.[1]   On September 25, 2013, Holguin filed a

state habeas petition.   (Doc. 1 at 40, 55).   The State Court denied the petition, and on July 22,

2015, the New Mexico Supreme Court (NMSC) denied certiorari relief.   *Id.* at 90, 91.   Holguin

continued to file other state habeas petitions and motions to reconsider through at least 2016.   *See*

Docket Sheet in D-307-CR-2002-00593.

On August 30, 2019, Holguin filed the instant § 2254 Petition.   (Doc. 1).   He appears to

raise claims for ineffective assistance and due process violations.   By an Order entered March 19,

2020, the Court screened the Petition under Habeas Corpus Rule 4 and determined it was plainly

time-barred.   (Doc. 11); *see also Day v. McDonough,* 547 U.S. 198, 209 (2006) (As part of the

initial review process, "district courts are permitted … to consider, *sua sponte*, the timeliness of a

state prisoner's habeas petition").   The Order directed Holguin to show cause why the case should

---

[1] The Court also performed separate searches using Holguin's name and date of birth in the State Court
filing system, to ensure he did not inadvertently filing a tolling motion in a different case.

not be dismissed.   The show-cause deadline was April 20, 2020.   Holguin timely filed his show-cause response (Doc. 13), along with a supplementary letter (Doc. 14), and the matter is ready for review.

## II.   Discussion

Section 2254 petitions must generally be filed within one year after the defendant's conviction becomes final.   28 U.S.C. § 2244(d)(1)(A).   The one-year limitation period can be extended:

(1)     While a state habeas petition is pending, § 2244(d)(2);

(2)     Where unconstitutional state action has impeded the filing of a federal habeas petition, § 2244(d)(1)(B);

(3)     Where a new constitutional right has been recognized by the Supreme Court, § 2244(d)(1)(C); or

(4)     Where the factual basis for the claim could not have been discovered until later, § 2244(d)(1)(C).

Because the limitation period is not jurisdictional, it may also be extended through equitable tolling. *See Clay v. United States*, 537 U.S. 522, 524 (2003).

Here, the limitation period began to run no later than April 16, 2004, when the conviction became final.[2]   *See Locke*, 237 F.3d at 1271-1273.   There was no tolling activity during the next year, and the limitation period expired on April 16, 2005.   The state habeas petitions filed in 2013

---

[2]  In the Order to Show Cause, the Court initially noted the limitation period began to run on November 30, 2003 - 30 days after entry of the criminal judgment – since it was not clear whether the motion to reconsider sentence was timely filed.   (Doc. 11 at 4).   In this ruling, the Court will give Holguin the benefit of the later start date (April 16, 2004).   Such calculation does not change the outcome in this case.

did not restart the clock or otherwise impact the one-year period. *See Gunderson v. Abbott,* 172 Fed. App'x 806, 809 (10th Cir. 2006) ("A state court [habeas] filing submitted after the ... [one-year] deadline does not toll the limitations period."); *Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001) ("[The § 2254] petitions cannot be tolled for time spent in state post-conviction proceedings because the applications for post-conviction relief were not filed until after … end of the limitations period").

The Court explained the above principles in its Order to Show Cause and set forth the standards for statutory and equitable tolling.   (Doc. 11).   In response, Holguin initially submitted copies of his State Court docket sheets and criminal records without including any written argument.   (Doc. 13).   These documents do not demonstrate grounds for tolling.   Instead, they confirm the Court's calculations, and in particular, that Holguin waited over nine years to file a tolling motion after his criminal judgment became final.   *Id.* at 4, 12.   On April 1, 2020, Holguin filed a supplementary response-letter.   (Doc. 14).   In the letter, he contends the Order to Show Cause was "inadequate" because:

(A) The State prosecutors failed to complete a rape kit;

(B) The evidence was insufficient to support his convictions;

(C) The victim's father was an unreliable witness;

(D) Police violated his *Miranda* rights;

(E) The State Courts should have granted relief on appeal;[3]

(F) The sentence was unjust and inhumane, based on the crime;

---

[3] The Court discerns Holguin is referring to the state habeas proceeding and subsequent certiorari appeal to the NMSC.   Nothing in the record or State Court docket suggests he filed a direct appeal after entry of the criminal Judgment.

4

(G) The criminal sexual penetration charges should have been characterized as "criminal mischief;" and

(H) State trial counsel provided ineffective assistance.

(Doc. 14 at 1).

These arguments go the merits of Holguin's habeas claims. Federal Courts cannot consider the merits of a § 2254 Petition unless the petitioner complies with the stringent procedural requirements of §§ 2244 and 2254, including the one-year limitation period. *See U.S. v. Greer*, 881 F.3d 1241, 1244 (10th Cir. 2018) ("Before addressing the merits of [petitioner's] claim, he must show that he can satisfy the procedural requirements of the Antiterrorism and Effective Death Penalty Act (AEDPA).... The first of these barriers is timeliness."). Any alleged defects in the criminal proceeding therefore cannot save the untimely § 2254 Petition.

The Court also discerns that Holguin did not know about habeas relief until years after his conviction and incarceration. Under the section addressing "Timeliness of [his] Petition," Holguin states: "I have picked [up] information little by little over time, and by another inmate I have found out what I can do about my legal situation and statute of limitations." (Doc. 1 at 13). This explanation does not warrant equitable tolling. "It is well established that ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing." *Marsh v. Soares*, 223 F.3d 1217, 1229 (10th Cir. 2000) (addressing habeas filings).

For these reasons, the Court concludes Holguin has not established grounds for tolling. The one-year limitation period expired on April 16, 2005, at the latest, and the § 2254 proceeding filed on August 30, 2019 is time-barred. The Court will dismiss the Petition with prejudice. The Court will also deny a certificate of appealability under Habeas Corpus Rule 11, as the time-bar is not reasonably debatable in this case. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate

5

of appealability can only issue where "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong").

**IT IS ORDERED** that Petitioner Pedro Nicholas Holguin's 28 U.S.C. § 2254 Habeas Corpus Petition (Doc. 1) is **DISMISSED**; a certificate of appealability is **DENIED**; and a separate judgment will be entered closing the civil case.

KEA W. RIGGS
UNITED STATES DISTRICT JUDGE