IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PEDRO NICHOLAS HOLGUIN,

    Petitioner,

v.                                                                          No. 2:19-cv-00810-KWR-JHR

STATE OF NEW MEXICO*,*

    Respondent.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Petitioner Pedro Nicholas Holguin's Motion to Reconsider (Doc. 17, supplemented by Doc. 18). Holguin asks the Court to reconsider its ruling dismissing his 28 U.S.C. § 2254 Habeas Corpus Petition (Petition) as time-barred. Having reviewed the arguments, the record, and applicable law, the Court will deny the Motion.

### BACKGROUND

The background facts, including the detailed timeline of state court filings, are set forth in the Memorandum and Opinion entered April 30, 2020. (Doc. 15) ("Dismissal Ruling"). The Court incorporates that Dismissal Ruling herein. To summarize, Holguin filed the § 2254 Petition on August 30, 2019. (Doc. 1). The Petition challenges his 2003 state convictions for five counts of criminal sexual penetration (child under 13) based on ineffective assistance and excessive sentencing following a plea. (Doc. 1 at 1, 16). By an Order to Show Cause entered March 19, 2020 (OSC), the Court screened the Petition under Habeas Corpus Rule 4 and determined it was plainly time-barred. (Doc. 11); *see also Day v. McDonough,* 547 U.S. 198, 209 (2006) (As part of the initial review process, "district courts are permitted … to consider, *sua sponte*, the timeliness

of a state prisoner's habeas petition"). Specifically, the Court found the one-year limitation period expired no later than April 16, 2005, about 14 years before Holguin filed the federal Petition in 2019. The OSC set forth the state court timeline along with the standards for statutory/equitable tolling and directed Holguin to show cause, if any, why his Petition should not be dismissed as time-barred.

Holguin timely filed a show-cause response, which includes of the state court docket sheet. (Doc. 13). The docket sheet confirms the Court's calculations, and in particular, that Holguin did not file a state tolling motion after the Judgment became final, but before the one-year period expired. *Id.* at 4, 12. Holguin argued his habeas claims were meritorious, and he did not know about habeas relief until years after his conviction and incarceration. The Court rejected these arguments, as it cannot consider the merits of a habeas petition unless the petitioner complies with the stringent procedural requirements of §§ 2244 and 2254, including the one-year limitation period. *See U.S. v. Greer*, 881 F.3d 1241, 1244 (10th Cir. 2018) ("Before addressing the merits of [petitioner's] claim, he must show that he can satisfy the procedural requirements of the Antiterrorism and Effective Death Penalty Act (AEDPA).... The first of these barriers is timeliness."). "It is [also] well established that ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt [habeas] filing." *Marsh v. Soares*, 223 F.3d 1217, 1229 (10th Cir. 2000).

Accordingly, the Court dismissed the Petition as time-barred, denied a certificate of appealability, and entered final Judgment on April 30, 2020. (Docs. 15, 16). Holguin filed the Motion to Reconsider (Doc. 17) about 20 days later, on May 20, 2020. He also filed a supplement (Doc. 18) to the Motion to Reconsider, which expands on his arguments.

**DISCUSSION**

A motion to set aside a judgment filed within twenty-eight days of its entry is generally analyzed under Fed. R. Civ. P. 59(e). *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991); *Manco v. Werholtz,* 528 F.3d 760, 761 (10th Cir. 2008). Grounds for setting aside the judgment include: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A district court has considerable discretion in deciding whether to disturb a judgment under Rule 59(e). *See Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997).

In the instant Motion to Reconsider, Holguin primarily insults the Dismissal Ruling and provides reasons why his indictment, guilty plea, and sentence are unconstitutional. (Docs. 17, 18) He argues the victim's father was an unreliable witness; the State's case was not "airtight;" the crimes were not violent; there was no blood on the scene; the indictment contained errors as to times/dates of the abuse; he should not have been charged with a felony; and his sentence is excessive. *Id.* As previously explained, federal courts cannot remedy constitutional defects in a state criminal proceeding where the claims are untimely.

Holguin also makes several new arguments about the time-bar, which were not raised in his original show-cause response. A Rule 59 motion to reconsider is not an appropriate vehicle to "advance arguments that could have been raised in prior briefing." *Servants of the Paracletes v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Even if the Court considered the arguments, they still fail to demonstrate grounds for tolling. Holguin now alleges that he sought state habeas relief before the one-year period expired in 2005. There are no details to support this allegation, and it

is plainly controverted by the state docket sheet, which he previously submitted. (Doc. 13 at 12). Holguin also alleges he wanted to file a direct appeal after entry of his criminal judgment in 2003, but his public defender stated their business was "concluded." (Doc. 17 at 2). Accepting this as true, the remedy would still be a habeas claim for ineffective assistance of counsel, which must be filed within the one-year limitation period. *See Garza v. Idaho,* 139 S. Ct. 738, 744 (2019) (Failure to pursue a direct appeal forms the basis of an ineffective assistance habeas claim). Plea counsel's alleged failure to file a direct appeal also does not explain Holguin's failure to seek federal habeas relief for nearly a decade after the Judgment became final. That delay is clearly attributable to his ignorance of the law, which cannot toll the limitation period. *See Marsh*, 223 F.3d at 1229.

For these reasons, there are no grounds to reconsider the Dismissal Ruling, and the Court will deny the Motion to Reconsider (Doc. 17, supplemented by Doc. 18). The Court will also deny a certificate of appealability, as this ruling is not reasonably debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of appealability can only issue where "reasonable jurists would find the district court's assessment of [a habeas matter] … debatable or wrong").

**IT IS ORDERED** that Petitioner Pedro Nicholas Holguin's Motion to Reconsider (**Doc. 17, supplemented by Doc. 18**) is **DENIED**; and a certificate of appealability is **DENIED**.

_____
**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**